**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kevin Leon Wilson, | ) | No. CIV 04-516-PCT-JAT (GEE) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Navajo County Jail; et al., | ) | |
| Defendants. | ) | |

Pending before the court is a motion to appoint counsel filed by the plaintiff on September 2, 2005. [doc. # 41] The defendants did not file a response

The plaintiff in this case, Wilson, filed an action pursuant to 42 U.S.C. § 1983 claiming he was denied adequate medical care while at the Navajo County Jail. Wilson is currently incarcerated in the Arizona Department of Corrections facility in Buckeye, Arizona.

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

Discussion

On September 2, 2005, Wilson filed the instant motion for appointment of counsel. He argues counsel is necessary because he has no access to legal research material and

consequently he is denied meaningful access to the courts. He has attempted to obtain counsel, but he has been unsuccessful.

There is no constitutional right to counsel for a section 1983 action. *Rand v. Rowland*, 113 F.3d 1520, 1535 (9th Cir.1997). The court may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) but only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

In the instant motion, Wilson does not explain why he is likely to succeed on the merits. In fact, the record contains the report of an expert witness, Robert D. Jones, M.D., who concludes the defendant, Debra Jones, was *not* deliberately indifferent to Wilson's medical needs. Wilson's legal briefs indicate he has the ability to adequately articulate his claims. The legal issues involved are not particularly complex. "Exceptional circumstances" are not present here. *See, e.g., Terrell v. Brewer*, 935 F.2d at 1017.

Wilson argues that without legal assistance or access to a law library he is unable to effectively prosecute his action. Unfortunately, the Constitution does not guarantee prisoners this right. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Prisoners have a right of access to the courts, but this only includes the right to raise a claim before the court. *Id.* Wilson has done this by presenting his complaint. An inmate has no constitutional right to litigate effectively once his claims have been presented. *Id.* Accordingly,

IT IS ORDERED that the motion to appoint counsel filed by the plaintiff on September 2, 2005, is DENIED. [doc. # 41]

DATED this 18th day of November, 2005.

_____
Glenda E. Edmonds
United States Magistrate Judge

- 2 -